UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SARFARAZ AHMED,                                    Case No.

                             Plaintiff,            **COMPLAINT**

        -against-
                                                   **Jury Trial Demanded**
**RLB USA SAFETY & HARDWARE, INC.,**
**RLB BUILDING & HARDWARE WHOLESALE**
**SUPPLIES, CORP.,** and **MOHAMMAD AKTER**
**HOSSAIN** *in his individual capacity*,

                             Defendants.
-----------------------------------------------------------X

        Plaintiff Sarfaraz Ahmed ("Plaintiff" or "Ahmed") alleges against RLB USA Safety &

Hardware, Inc., ("RLB Safety"), RLB Building & Hardware Wholesale Supplies, Corp., ("RLB

Supplies") (collectively, "RLB" or "Corporate Defendants"), and Mohammad Akter Hossain

("Hossain") (collectively, "Defendants") upon information and belief, as follows:

## NATURE OF THE CLAIMS

        1.      RLB is a seller of hardware and safety equipment to contractors and construction

companies.

        2.      RLB maintains two retail store locations, both located in Nassau County, New

York.

        3.      Hossain is the sole owner and operator of RLB.

        4.      Hossain hired Plaintiff to work at RLB's retail location as a sales clerk.

        5.      Plaintiff's claims arise out of his employment with Hossain and RLB.

6.      Plaintiff was a dedicated employee of Defendants.  A reliable and diligent worker, Plaintiff agreed to work whenever and wherever he was asked by Defendants, frequently after store hours and on scheduled days off.

7.      Defendants maintained a pattern and practice of failing to pay Plaintiff the minimum wage.

8.      Defendants maintained a pattern and practice of failing to pay Plaintiff the overtime rate of one-and-one half (1½) times the regular hourly rate for all hours worked in excess of forty (40) per week.

9.      Defendants maintained a pattern and practice of failing to pay Plaintiff spread-of-hours pay for each shift Plaintiff worked more than ten (10) hours.

10.      Defendants did not provide Plaintiff with mandatory meal breaks.

11.      Defendants regularly paid Plaintiff a flat weekly salary, in cash, for all hours worked, including hours over forty, for the entirety of Plaintiff's employment with Defendants. This payroll scheme is an obvious and will avoidance of Defendants' obligation to pay the minimum wage and overtime compensation, as required under state and federal law.

12.      Defendants failed to furnish a wage notice and pay statements to Plaintiff and failed to maintain an accurate record keeping of hours worked and wages paid to Plaintiff.

13.      Defendants did not provide Plaintiff with a Form W-2, Defendants failed to properly record, account for, and report to the IRS all monies paid to Plaintiff for all of the work performed during Plaintiff's course of employment with the Defendants, and Defendants failed to properly report employee income and withholding amounts listed on W-2 forms as monies withheld.

14.     Plaintiff complained to Hossain of Defendants' unlawful pay practices.  In retaliation for Plaintiff's complaints, Hossain made the conditions of Plaintiff's employment so unbearable no reasonable person could be expected to continue in Defendants' employ.  As a direct result of the intolerable work environment fostered and promoted by Hossain, Plaintiff was forced to accept his constructive termination from Defendants.  Plaintiffs' constructive termination was an unlawful retaliation for his complaints of Defendants' unlawful pay practices, in violation of state and federal law.

15.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2), unpaid overtime wages, (3) lost wages, (4) liquidated damages, (5) statutory interest and (6) attorneys' fees and costs.

16.     Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL") that he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread-of-hours premium, (4) statutory penalties for wage notice violations, (5) lost wages, (6) liquidated damages, and (7) attorneys' fees and costs.

17.     Plaintiff further alleges, pursuant to 26 U.S.C. § 7434(a), that he is entitled to recover from Defendants: (1) statutory penalties for Defendants' fraudulent filing of information returns.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

19.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

20.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

21.     Plaintiff Ahmed was and is a resident of New York.

22.     Defendant RLB Safety was and is a domestic business corporation duly organized and operating under the laws of the State of New York.

23.     RLB Safety maintains its principal place of business at 215 Sunrise Highway, Lynbrook, New York 11563.

24.     At all times relevant herein, RLB Safety is and has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

25.     Defendant RLB Supplies was and is a domestic business corporation duly organized and operating under the laws of the State of New York.

26.     RLB Supplies maintains its principal place of business at 215 Sunrise Highway, Lynbrook, New York 11563.

27.     At all times relevant herein, RLB Safety is and has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

28.     At all times relevant herein, RLB Safety and RLB Supplies were joint employers of Plaintiff throughout his employment.

29.     Upon information and belief, at all times relevant to this action, Defendant Hossain was and is a resident of the State of New York.

30.     At all times relevant herein, Hossain is the sole owner and principal of both RLB Safety and RLB Supplies.

31.     For the entirety of Plaintiff's employment with Defendants, Hossain exercised control over the terms and conditions of Plaintiff's employment.

32.     At all times relevant herein, Hossain possessed and exercised the authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules, (iv) assign duties, and (iv) otherwise affect the quality of employment of Plaintiff.

33.     At all times relevant herein, employees, including Plaintiff, could complain to Hossain directly regarding any of the terms of their employment, and Hossain had the authority to effect any changes to the quality and terms of employees' employment.  Hossain exercised functional control over the business and financial operations of RLB Safety and RLB Supplies.

34.      At all times relevant herein, RLB Safety an RLB Supplies each is and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL, and the regulations there under.

35.     At all times relevant herein, the work performed by Plaintiff in his capacity as was directly essential to the business of RLB.

**FACTUAL ALLEGATIONS**

36.     On November 8, 2019, Defendants hired Ahmed to work as a store clerk in RLB's retail location in Lynbrook.

37.     As a clerk, Sarfaraz's duties and responsibilities included completing customer sales, ensuring the store shelves were properly stocked, opening and closing the store, and

5

cleaning the store.  In addition to his regular duties, Hossain required Ahmed to perform a variety of other tasks in furtherance of RLB's operations.

38.     At all times relevant herein, Hossain scheduled Ahmed to work six days per week, from store opening to store closing.

39.     For the entirety of Ahmed's employment with RLB, the Lynbrook retail store hours were Monday to Friday from 7:30 a.m. to 8:30 p.m., Saturday, from 9:00 a.m. to 8:00 p.m., and Sunday, from 10:00 a.m. to 7:00 p.m.

40.     Throughout Ahmed's employment with RLB, Hossain required Ahmed to perform work outside the retail store's hours of operation.  In addition to working his scheduled hours—the store hours of operation—Hossain directed Ahmed to prepare the store for opening nearly every morning, clean up the store after it closed to the public, and perform numerous errands on behalf of Hossain and RLB outside of Ahmed's scheduled hours.  Ahmed was on call 24/7, and Hossain required Ahmed to perform work late into the night and on his scheduled days off.

41.     At all times relevant herein, Ahmed worked an average of approximately 100 hours per week while employed with Defendants.

42.     At all times relevant herein, Ahmed worked more than 10 hours per day every day he worked for Defendants.

43.     For the first three days of his employment with Defendants, Hossain paid Ahmed $225 in cash.  Thereafter, Hossain paid Ahmed $450 per week in cash, regardless of how many hours Ahmed worked.

44.     At all relevant times herein, Defendants did not provide Ahmed with any meal breaks.

45.     During Ahmed's employment with Defendants, Hossain ordered Ahmed to engage in certain unlawful conduct on behalf of RLB.

46.     Hossain ordered Ahmed to complete online OSHA Training Classes on behalf of RLB employee Karl Seaberry.

47.     Hossain instructed Ahmed to advise RLB customers they would not be charged sales tax if they paid for their purchases in cash.  Hossain further ordered Ahmed not to charge RLB customers sales tax for cash transactions.

48.     Ahmed strenuously objected to carrying out Hossain's unlawful directives.

49.     In response to Ahmed's complaint of Hossain's unlawful OSHA and tax practices, on a regular basis, Hossain berated Ahmed, screaming at him in the middle of the store.  Among other comments, Hossain swore at Ahmed, insulted his physical appearance, and raised his immigration status, as an implication he could not find employment elsewhere and as an implicit threat to report him to immigration authorities.

50.     On or about December 7, 2019, Ahmed was no longer able to tolerate Hossain's increasingly hostile reaction to Ahmed's complaints of Hossain's unlawful actions and reticence to carry out his unlawful directives, and Ahmed burst into tears and complained to Hossain about his retaliatory abuse.

51.     The day after Ahmed complained of Hossain's abuse—on or about December 8, 2019—the work environment at RLB was untenably uncomfortable and awkward between Hossain and Ahmed.

52.     Ahmed previously informed Hossain he needed to leave work 90 minutes before the store closed on December 8, 2019, to travel to Connecticut.  Hossain did not object and did not indicate any of Ahmed's pay was going to be withheld as a result.

53. On or about December 8, 2019, Ahmed, as planned, left RLB 90 minutes before the store closed.

54. On or about December 9, 2019, Ahmed received his payment for the previous week's work and noticed Hossain docked $30 from his regular weekly pay.

55. On or about December 9, 2019, Ahmed received a cash payment of $420 representing his wages for the previous week's work.

56. The wages Ahmed received on or about December 9, 2019, from Hossain, for Ahmed's work during the previous week at RLB, was a $30 reduction from his regular weekly wages.

57. Hossain's deduction of $30 of pay from Ahmed's wages was violation of federal and state wage and hour laws and was further an unlawful retaliation against Ahmed for his complaints of Hossain's unlawful conduct.

58. On or about December 9, 2019, by text message, Ahmed asked Hossain why he deducted $30 from Ahmed's pay.

59. Hossain replied by text message that he deducted $30 from Ahmed's pay because Ahmed left the store 90 minutes before the store closed on December 8, 2019.

60. At all times during Ahmed's employment with RLB, Hossain paid Ahmed a flat, weekly salary, irrespective of the number of hours Ahmed worked.

61. At all times during Ahmed's employment with RLB, RLB and Hossain failed to pay Ahmed the minimum wage.

62. Hossain's deduction of $30 from Ahmed's December 9, 2019, pay further reduced Ahmed's hourly wage rate below the minimum wage.

63.     In retaliation to Ahmed's complaint of RLB's unlawful pay practices, Hossain failed to offer to repay Ahmed the $30 deduction from his wages or otherwise bring his unlawful pay practices into compliance with state and federal law.

64.     As a result, on or about December 9, 2019, Ahmed was forced to accept his constructive termination from RLB.

65.     Ahmed's complaint to Hossain about the unlawful deduction from his pay was a protected activity under the FLSA and NYLL.

66.     Ahmed's constructive termination from RLB was a direct, explicit retaliation for his complaint to Hossain of Hossain's unlawful deduction from his paycheck.

67.     No reasonable person could be expected to continue working at RLB under the conditions to which Hossain subjected Ahmed.

68.     Ahmed's did not leave RLB voluntarily, and Ahmed would not have left employment at RLB but for Hossain's retaliatory conduct.  Thus, Ahmed was constructively terminated from RLB.

69.     On or about December 26, 2019, Plaintiff, through counsel, mailed to Hossain a Demand Letter.  The Demand Letter, *inter alia*, set forth the factual and legal bases for Plaintiff's claims of Defendants' violations of federal and state wage and hour laws arising from Plaintiff's employment with Defendants—substantially similar to those set forth in this Complaint.  Plaintiff's Demand Letter further informed Defendant of Plaintiff's intent to bring an action in Court to recover damages for Defendants' violations.

70.     By letter dated January 3, 2020, Perry D. Silver, Esq., of the firm Silver & Kelmachter, LLP, indicated Hossain consulted with him regarding Plaintiff's Demand Letter and that Hossain disputed the allegations asserted in the letter.

71.     Subsequent to Mr. Silver's January 3, 2020, letter acknowledging Hossain's awareness of Plaintiff's allegations, Hossain contacted Plaintiff's uncle, directing him to speak with Plaintiff's mother and persuade her to dissuade Plaintiff from pursuing his claims.

72.     Hossain then spoke with Plaintiff's mother directly and told her, if Ahmed pursued his claims, Hossain would "take action" against Ahmed.

73.     After threatening to take action against Hossain if he pursued his claims, Hossain sent Ahmed's mother pictures of himself with political figures.

74.     Hossain's communications to Ahmed's uncle and mother were designed to intimidate Ahmed from further pursuing his claims.

75.     Plaintiff's mother did in fact contact Plaintiff and attempt to dissuade him from filing this lawsuit.

76.     Plaintiff maintains a close relationship with his mother.  Hossain's involvement of Plaintiff's mother in his unlawful attempt to persuade Plaintiff to abandon his claims against Defendants deterred Plaintiff from bringing this action and delayed the filing of this suit.  As a result of Hossain's unlawful interference, Plaintiff's decision to exercise his rights by bringing this action to has caused tension in the relationship between Plaintiff and his mother.

77.     Plaintiff sending his Demand Letter to Defendants, in which he asserted his claims of Defendants' wage and hour violations, constituted a protected activity under the FLSA and NYLL.

78.     Hossain contacting Plaintiff's uncle and mother, as a result of receiving Plaintiff's Demand Letter and in an attempt to dissuade Plaintiff from exercising his rights pursuant to the claims asserted in the Demand Letter, is a violation of the anti-retaliation provisions of the FLSA and NYLL.

79.     For the duration of Ahmed's employment with Defendants, Defendants failed to provide Ahmed with a wage notice setting forth Ahmed's rate of pay, overtime rate, method of compensation, regular payday, names of his employers (including fictitious names), addresses and phone numbers for his employers' main offices or principal locations, or any allowances taken.

80.     For the duration of Ahmed's employment with Defendants, Defendants failed to furnish Ahmed with an accurate and complete statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

81.     At all times relevant herein, Defendants failed provided Ahmed with a Form W-2 or other document indicating the taxable wages paid by Defendants to Ahmed, along with any withholdings.  As Ahmed performed work for Defendants in 2019, Defendants were obligated to furnish Ahmed with his W-2 on or before January 31, 2020.

82.     Upon information and belief, RLB's tax returns for 2019 were prepared using payroll information supplied by Hossain.

83.     Upon information and belief, RLB's tax returns for 2019 did not include complete and accurate information reflecting Defendants' wages paid to Ahmed and taxes withheld from Ahmed's pay.

84.     At all times relevant herein, RLB failed to pay Ahmed the minimum wage.

11

85.     At all times relevant herein, RLB failed to pay Ahmed the overtime premium for all hours he worked over 40 hours per week.

86.     At all times relevant herein, RLB failed to pay Ahmed spread-of-hours pay for each workday he worked more than 10 hours.

87.     At all times relevant herein, RLB failed to contemporaneously record and maintain a record of the hours worked by Ahmed.

88.     At all times relevant herein, Ahmed was a non-exempt employee.

89.     As a result of RLB's retaliatory constructive termination of Ahmed's employment, Ahmed has suffered and continues to suffer lost wages.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act – Unpaid Minimum Wage)**

90.     Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

91.     Defendants were required to pay Plaintiff the applicable federal minimum wage rate.

92.     Defendants failed to pay Plaintiff the minimum wages to which he is entitled under the FLSA.

93.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

94.     Defendants' violations of the FLSA described above have been willful.

95.     As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, pre-judgment interest,

post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (New York Labor Law – Unpaid Minimum Wage)

96.     Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

97.     Defendants failed to pay Plaintiff the minimum wages to which he is entitled under the NYLL.

98.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

99.     As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), *et seq*.

## THIRD CAUSE OF ACTION
### (Fair Labor Standards Act – Unpaid Overtime)

100.    Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

101.    Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a) and employed Plaintiff.

102.    Defendants were required to pay Plaintiff one and one- half (1 1⁄2) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

103.    Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

104.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

105.    As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### (New York Labor Law – Unpaid Overtime)

106.    Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

107.    Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours he worked in excess of forty hours per week.

108.    Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

109.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

110.    As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), *et seq*.

14

## FIFTH CAUSE OF ACTION
### (New York Labor Law – Unpaid Spread-of-Hours)

111.    Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

112.    Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate in all instances where Plaintiff worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.* and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12 §§, 137-1.7 (2010), 146-1.6 (2012).

113.    As a result of Defendants willful violations of the NYLL, Plaintiff is entitled to recover unpaid spread-of-hours compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to the NYLL.

## SIXTH CAUSE OF ACTION
### (New York Labor Law – Wage Theft Prevention Act Notice Violations)

114.    Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

115.    Defendants violated NYLL § 195(1) by failing to furnish Plaintiff, at the time of hiring, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office of principal place of business,

and a mailing address if different; the telephone number of the employer; and any other information required by law.

116.    Due to Defendants' violations of NYLL § 195(1), Plaintiff is entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b)

117.    Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

118.    Through their failure to provide Plaintiff with wage statements as required by the NYLL, Defendants have violated NYLL § 190, *et seq*. and the supporting New York State Department of Labor Regulations.

119.    Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

## SEVENTH CAUSE OF ACTION
### (New York Labor Law – Record Keeping Violations)

120.    Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

121.    At all times relevant to this action, Defendants were and are required to establish, maintain and preserve for not less than six years, weekly payroll records that show for each employee, among other information, true and accurate payroll records and the number of hours worked daily and weekly, including the time of arrival and departure of each employee. NYLL § 195(4); 12 N.Y.C.R.R. § 142-2.6.

122.    Defendants violated the applicable NYLL and NYCRR provisions by not maintaining and preserving Plaintiff's time of arrival and departure.

### EIGHTH CAUSE OF ACTION
**(Fair Labor Standards Act – Retaliation)**

123.    Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

124.    Plaintiff was an employee of Defendants within the meaning of the FLSA.

125.    Defendants were employers of Plaintiff within the meaning of the FLSA.

126.    29 U.S.C. § 215(a)(3) prohibits any person, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

127.    While employed by Defendants, Plaintiff complained to Defendants about Defendants' unlawful deduction from his weekly wages.

128.    Plaintiff's complaint constitutes a protected activity under the FLSA.

129.    As a result of Plaintiff's complaints, Defendants created and fostered work conditions for Plaintiff so hostile, no reasonable person could be expected to continue employment, forcing Plaintiff to accept his constructive termination from Defendants' employ.

130.    A causal connection exists between Plaintiff's complaint of Defendants' unlawful deduction of his wages and Defendants' constructive termination of Plaintiff.

131.    Defendants violated 29 U.S.C. § 215(a)(3) by forcing Plaintiff to accept his constructive termination in retaliation for Plaintiff's complaints of Defendants' unlawful deduction from his weekly wages.

132.    Plaintiff engaged in further protected activity by communicating, through counsel's Demand Letter, his allegations of Defendants' violation of federal and state wage and hour claims.

133.    Defendants further retaliated against Plaintiff when, in response to receiving Plaintiff's Demand Letter, Hossain contacted Plaintiff's mother to dissuade Plaintiff from bringing this action.

134.    Hossain's communication with Plaintiff's mother deterred and delayed Plaintiff from bringing this action and interfered with Plaintiff's relationship with his mother.

135.    Hossain's attempts to dissuade Plaintiff from bringing this action constitute unlawful retaliation in violation of the FLSA.

136.    Plaintiff is entitled to recover from Defendants lost wages and other compensatory damages, in addition to reasonable attorneys' fees, costs, declaratory and injunctive relief, as a result of Defendants' retaliatory conduct.

## NINTH CAUSE OF ACTION
**(New York Labor Law – Retaliation)**

137.    Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

138.    Plaintiffs were employees of Defendants within the meaning of the NYLL.

139.    Defendants are employers within the meaning of the NYLL.

18

140.    NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of

141.    agent of any corporation, partnership, or limited liability company...shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer...or his or her authorized representative...that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter...[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter...or (v) because such employee has otherwise exercised rights protected under this chapter..."

142.    While employed by Defendants, Plaintiff complained to Defendants about Defendants' unlawful deduction from his weekly wages.

143.    Plaintiff's complaint constitutes a protected activity under the NYLL.

144.    As a result of Plaintiff's complaints, Defendants created and fostered work conditions for Plaintiff so hostile, no reasonable person could be expected to continue employment, forcing Plaintiff to accept his constructive termination from Defendants' employ.

145.    A causal connection exists between Plaintiff's complaint of Defendants' unlawful deduction of his wages and Defendants' constructive termination of Plaintiff.

146.    Defendants violated NYLL § 215(1) by forcing Plaintiff to accept his constructive termination in retaliation for Plaintiff's complaints of Defendants' unlawful deduction from his weekly wages.

147.    Plaintiff engaged in further protected activity by communicating, through counsel's Demand Letter, his allegations of Defendants' violation of federal and state wage and hour claims.

19

148.     Defendants further retaliated against Plaintiff when, in response to receiving Plaintiff's Demand Letter, Hossain contacted Plaintiff's mother to dissuade Plaintiff from bringing this action.

149.     Hossain's communication with Plaintiff's mother deterred and delayed Plaintiff from bringing this action and interfered with Plaintiff's relationship with his mother.

150.     Hossain's attempts to dissuade Plaintiff from bringing this action constitute unlawful retaliation in violation of the NYLL.

151.     Plaintiff is entitled to recover from Defendants lost wages and other compensatory damages and statutory penalties, in addition to reasonable attorneys' fees, costs, declaratory and injunctive relief, as a result of Defendants' retaliatory conduct.

**TENTH CAUSE OF ACTION**
**(Civil Damages for Fraudulent Filing Of**
**Information Returns Under 26 U.S.C. § 7434(a))**

152.     Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

153.     By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which Plaintiff was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed or caused to be filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

154.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court grant the following relief:

A.  A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B.  An award of compensatory damages as a result of Defendants' failure to pay wages for all hours worked, pursuant to the FLSA, NYLL, and supporting regulations;

C.  An award of compensatory damages as a result of Defendants' failure to pay the minimum wage for all hours worked, pursuant to the FLSA, NYLL, and supporting regulations;

D.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation for all hours worked in excess of 40 hours per week, pursuant to the FLSA, NYLL, and supporting regulations;

E.  An award of compensatory damages as a result of Defendants' failure to pay spread-of-hours compensation for all days during which Plaintiff worked a split shift or more than 10 hours pursuant to the NYLL and supporting regulations;

F.  An award of statutory damages as a result of Defendants' failure to provide a wage notice upon Plaintiff's hire or at any time subsequent thereto, pursuant to the NYLL and supporting regulations;

G.  An award of statutory damages as a result of Defendants' failure to provide complete and accurate pay statements upon Plaintiff at any time, pursuant to the NYLL and supporting regulations;

H.  An award of compensatory and statutory damages as a result of Defendants' retaliatory acts, pursuant to the FLSA, NYLL, and supporting regulations;

I.  An award of civil damages for the fraudulent filing of tax information returns,

pursuant to 26 U.S.C. §7434.

J.   Enjoining future violations of the FLSA and NYLL by Defendants;

K.   Declaring that Defendants' violations of the FLSA and NYLL were willful;

L.   Awarding Plaintiff liquidated and/or punitive damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

M.   Awarding damages to the Plaintiff, retroactive to the date of his termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

N.   An award of prejudgment and post-judgment interest;

O.   An award of costs and expenses of this action together with reasonable attorneys'

      fees; and

P.   Such other relief this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated:  June 1, 2020
          New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Justin Ames*
Justin Ames, Esq.
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
justin@akinlaws.com